HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRU ACQUISITION GROUP, LLC dba CRU-DATAPORT LLC, a Washington corporation,<br><br>                       Plaintiff,<br><br>     v.<br><br>MYKEY TECHNOLOGY INC., a Delaware corporation,<br><br>                       Defendant. | No. 3:11-CV-05743-RBL<br><br>ORDER |

THIS MATTER is before the Court on the Defendant MyKey's Motion to Dismiss Plaintiff CRU's Complaint in favor of MyKey's first-filed Delaware action. Def. Mot. to Dismiss [Dkt. 13]. The Court has considered the pleadings filed in support of the motions and the remainder of the file. MyKey's Motion is GRANTED for the reasons that follow.

## I.   FACTS

This matter arises out of an alleged patent infringement. On May 20, 2011, MyKey filed a patent infringement action in Delaware against eleven defendants, including CRU, alleging infringement of three patents. [Dkt. 14; Ex. 1]. Two months later, on July 22, 2011, MyKey also filed a patent infringement complaint against the same eleven defendants with the United States International Trade Commission ("ITC") pursuant to section 337 of the Tariff Act of 1930. [Dkt. 13 at 4]. Subsequently, the ITC began an investigation of MyKey's complaint. [*Id.*]

Because of the ITC investigation, MyKey and the Delaware defendants, including CRU, agreed to stay the Delaware Action, pending the outcome of the ITC investigation. [Dkt. 14; Ex. 4]. Meanwhile, on August 25, 2011, CRU asked the Delaware court to dismiss the Delaware

ORDER - 1

Action for a lack of personal jurisdiction and improper venue, and for misjoinder, and to transfer the Action to this District. [Dkt. 21; Exs. A, B, & C] On August 31, 2011, the Delaware court denied all of CRU's motions without prejudice, and stayed the Delaware Action for all purposes pending a final determination of the ITC Action. [Dkt. 14; Ex. 5]. Following the stay of the Delaware Action, CRU filed this action, requesting a declaratory judgment of non-infringement and invalidity of the disputed patents. [Dkt. 13 at 5].

MyKey moves to dismiss CRU's Complaint under the first-to-file rule, in favor of MyKey's first-filed Delaware Action. [*Id.* at 4]. CRU argues that the first-to-file rule is inapplicable because the balance of convenience weighs in favor of the later filed action, and that the proper forum for litigating this matter is Washington, not Delaware. Pl. Opp'n to Def.'s Mot. to Dismiss [Dkt. 20].

## II.  AUTHORITY

The first-to-file rule is a "generally recognized doctrine of federal comity, which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). If the first-to-file rule applies, the second district court has the discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy. *Cedar Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).

Although the first-to-file rule is "not a rigid or inflexible rule to be mechanically applied," a departure from the first-to-file rule is extended only under limited circumstances, including bad faith, anticipatory suit, or forum shopping. *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *Pacesetter*, 678 F.2d at 95. Courts have also declined to apply the first-file-rule when the balance of convenience weighs in favor of the forum of the second filed action. However, the court with jurisdiction over the first-filed action should normally weigh the balance of convenience and any other factors that might warrant an exception to the first-to-file rule. *Genentech v. Eli Lilly & Co.,* 998 F.2d 931, 938 (9th Cir. 1993); *Alltrade*, 946 F.2d at 628. Further, the importance of conservation of judicial resources

and the comprehensive disposition of litigation is favorable to "rigid mechanical solution[s]" of questions of forum.  *Genentech*, 998 F.2d at 938.

### III.   DISCUSSION

The elements of the first-to-file rule are satisfied here.  MyKey filed the Delaware Action on May 20, 2011, almost four months before CRU filed its complaint in Washington on September 15, 2011.  In addition, both matters involve the same parties.  Even though the parties are not identical, exact identity is not required.  *Intersearch Worldwide,Lltd. v. Intersearch Grp., Inc.,* 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008).  Lastly, both matters involve the same patents and the same accused CRU products are in dispute here and in Delaware.

This Court rejects CRU's argument that the first-to-file rule should be ignored for the convenience of the parties in this case.  Even though the Court in the exercise of its discretion may decline to apply the first-to-file rule, the circumstances of this case do not warrant a departure from that rule.  *Alltrade*, 946 F.2d at 628.  CRU contends that Washington is the more convenient forum because Washington is where CRU's business facilities, employees, witnesses, and records are located.  MyKey in turn points out that Delaware is the more convenient forum because MyKey is incorporated in Delaware, Delaware is in close proximity to MyKey's principal place of business in Maryland, and several of the Delaware defendants are Delaware corporations.  The Court is not persuaded that a balancing of convenience weighs so strongly in CRU's favor as to justify a departure from the first-to-file rule.  Any convenience that would be gained to CRU would come at MyKey's expense, shifting the inconvenience to MyKey.  Moreover, a departure from the first-to-file rule would be inefficient, a waste of judicial resources, and would run the risk of inconsistent results. The respective convenience of the two courts should be addressed to the court in the first-filed action.  *Id.*

After the ITC investigation and if the stay is lifted on the Delaware Action, CRU will have the opportunity to challenge venue, forum, and jurisdiction before the Delaware court.  If CRU reasserts their motions to the Delaware court and the court grants their motions, CRU is free to bring back their claims to this District.

ORDER - 3

MyKey has also filed a 12(b)(6) motion for a Motion to Dismiss for Failure to State a Claim. [Dkt. 15]. Because this Court is dismissing this matter, the 12(b)(6) question is moot and the Court finds it unnecessary to address this question.

### IV.   CONCLUSION

The first-to-file rule applies and none of the various exceptions to the first-to-file rule are applicable here. Therefore, IT IS HEREBY ORDERED that MyKey's motion [Dkt. 13] is GRANTED and this matter shall be DISMISSED WITHOUT PREJUDICE in favor of the Delaware Action.

DATED this 10th day of February, 2012.

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE